U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 DEC -8 AM 11: 24

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KEN EJIMOFOR EZEAH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRACY RENAUD, Vermont Service Center ) <br> Director, U.S. Citizenship and Immigration ) <br> Services, and JENNIFER B. HIGGINS, ) <br> Director, U.S. Citizenship and Immigration ) <br> Services, ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-105 |

## ORDER OF DISMISSAL
### (Doc. 14)

In January 2025, plaintiff Ken Ejimofor Ezeah filed this mandamus action seeking an order requiring the Government defendants to adjudicate his pending immigration petitions. He complained that U.S. Citizenship and Immigration Services (USCIS) had delayed in issuing a final ruling on his self-petition under the Violence Against Women Act (VAWA), Pub. L. No. 103-322, 108 Stat. 1903 (1994). As amended, VAWA provides expedited approval for abused non-citizen spouses. *See* 8 U.S.C. § 1154. Mr. Ezeah also applied for temporary relief under the "U-visa" procedures available to qualifying crime victims. (*See* Doc. 1.)

In August 2025, USCIS denied both the VAWA and U-visa petitions. (*See* Docs. 14-1, 14-2.) Plaintiff has filed for administrative reconsideration of these rulings through the USCIS review process. His requests for reconsideration are currently pending.

Defendants seek dismissal on standing grounds because there is no relief that the court can issue to Plaintiff. Plaintiff responds that if USCIS grants reconsideration and reopens either

the VAWA or the U-visa cases, he will still be facing delay for which the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, provides a remedy.

The court agrees with the Government. Relief under the APA is procedural in nature and in cases like this one addresses claims of delay and failure to act. The Government has acted in this case and the plaintiff has sought additional relief under the reconsideration procedure. There is no basis today for an order from the court instructing USCIS to "hurry up and act." The agency has addressed—and continues to address—the plaintiff's claims under the immigration law. *See Chen v. United States Citizenship & Immigr. Servs.*, No. 23-CV-8188, 2024 WL 5182154, at *3 (E.D.N.Y. Dec. 20, 2024) ("[C]ourts routinely find mandamus actions moot when the government denies the application that the petitioner sought to be adjudicated." (alteration in original; quoting *Yang v. Mayorkas*, No. 23-CV-7756, 2024 WL 4574143, at *2 (E.D.N.Y. Oct. 23, 2024))).

The dismissal is WITHOUT PREJUDICE. In the event reconsideration is granted and Plaintiff alleges a new period of unreasonable delay, he can file a new complaint under the APA.

## Conclusion

The court GRANTS the motion to dismiss (Doc. 14). Dismissal is without prejudice.

Dated at Burlington, in the District of Vermont, this 8th day of December, 2025.

Geoffrey W. Crawford, Judge
United States District Court